## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANTELA STACKHOUSE, and<br>SHANTELA STACKHOUSE as Independent<br>Administrator of the Estate of C.M. | )<br>)<br>) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) Case No. 22-CV-246-NJR |
| | ) |
| ALTON MEMORIAL HOSPITAL | ) |
| DIANE M. LAHEY, R.N. | ) |
| UNITED STATES OF AMERICA | ) |
| | ) |
| Defendants. | ) |

### FIRST AMENDED COMPLAINT

COME NOW Plaintiffs, SHANTELA STACKHOUSE and SHANTELA STACKHOUSE as Independent Administrator of the Estate of C.M., hereinafter "Plaintiff" or "Plaintiffs," by and through their attorneys, Keith Short of Keith Short and Associates, P.C., and Daniel W. Farroll of Goldenberg, Heller & Antognoli, and for their causes of action against Defendants, hereby state as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1.      Plaintiff, SHANTELA STACKHOUSE, is a resident of the City of Granite City, County of Madison and State of Illinois.  SHANTELA STACKHOUSE presented as a patient at ALTON MEMORIAL HOSPITAL on July 23, 2019, pregnant with an unborn baby boy, C.M., who had a gestational age of 39 weeks and 3 days.  At that time, C.M. was an unborn, full-term, viable and healthy baby boy.

2.      On July 20, 2021, the Probate Division of the Circuit Court of Madison County, Illinois, appointed SHANTELA STACKHOUSE **Independent Administrator** of the Estate of C.M.

3.      Defendant, ALTON MEMORIAL HOSPITAL ("AMH") is a duly organized corporation registered to do business in the State of Illinois as a not-for-profit corporation.

4.      Defendant, DIANE M. LAHEY, R.N., at all times pertinent herein, was an agent, apparent agent, servant and/or employee of ALTON MEMORIAL HOSPITAL acting in the scope and course of her duties as a registered nurse.  On July 23, 2019, she accepted as patients, SHANTELA STACKHOUSE and C.M., her unborn, full term and viable baby boy, and provided care and treatment as well as hospital and nursing services to them.

5.      SOUTHERN ILLINOIS HEALTHCARE FOUNDATION, INC., ("SIHF") is a healthcare organization that employs physicians who provide care and treatment in several areas of medicine, including in the area of gynecology and obstetrics.

6.      At all times relevant herein, SIHF was a Federally Qualified Health Center. The United States has certified that SIHF was acting in the scope of its employment as an employee of the United States Public Health Service (Doc. 3-2) as it pertains to the allegations in Plaintiff's complaint.

7.      DR. JAMIE L. HARDMAN was an admitting and attending physician assigned to SHANTELA STACKHOUSE and her unborn, full term and viable baby boy, while at ALTON MEMORIAL HOSPITAL on July 23, 2019.

8.      DR. GEOFFREY LOWELL TURNER was an admitting and attending physician assigned to SHANTELA STACKHOUSE and her unborn, full term and viable baby boy, while at ALTON MEMORIAL HOSPITAL on July 23, 2019.

9.      DR. JAMIE L. HARDMAN was an agent, apparent agent, servant and/or employee of SIHF when Plaintiff, SHANTELA STACKHOUSE and her unborn, full term and viable baby boy were patients at ALTON MEMORIAL HOSPITAL on July 23, 2019. The United States has certified that DR. JAMIE L. HARDMAN was acting in the scope of employment as an employee

of the United States Public Health Service (Doc. 3-2) as it pertains to the allegations in Plaintiff's complaint.

10.    DR. JAMIE L. HARDMAN was an agent, apparent agent, servant and/or employee of ALTON MEMORIAL HOSPITAL on July 23, 2019, when Plaintiff, SHANTELA STACKHOUSE and her unborn, full term and viable baby boy were patients at ALTON MEMORIAL HOSPITAL.

11.    DR. JAMIE L. HARDMAN was an agent, apparent agent, servant and/or employee of Defendant, UNITED STATES OF AMERICA, when Plaintiff, SHANTELA STACKHOUSE and her unborn, full term and viable baby boy, were patients at ALTON MEMORIAL HOSPITAL on July 23, 2019.

12.    DR. GEOFFREY LOWELL TURNER was an agent, apparent agent, servant and/or employee of SIHF when Plaintiff, SHANTELA STACKHOUSE and her unborn, full term and viable baby boy, were patients at ALTON MEMORIAL HOSPITAL on July 23, 2019. The United States has certified that DR. GEOFFREY LOWELL TURNER was acting in the scope of employment as an employee of the United States Public Health Service (Doc. 3-2) as it pertains to the allegations in Plaintiff's complaint.

13.    DR. GEOFFREY LOWELL TURNER was an agent, apparent agent, servant and/or employee of ALTON MEMORIAL HOSPITAL on July 23, 2019, when Plaintiff, SHANTELA STACKHOUSE and her unborn, full term and viable baby boy were patients at ALTON MEMORIAL HOSPITAL.

14.    DR. GEOFFREY LOWELL TURNER was an agent, apparent agent, servant and/or employee of Defendant, UNITED STATES OF AMERICA on July 23, 2019, when Plaintiff, SHANTELA STACKHOUSE and her unborn, full term and viable baby boy, were patients at ALTON MEMORIAL HOSPITAL.

15.    That all times relevant herein, ALTON MEMORIAL HOSPITAL held itself and its agents, apparent agents and employees out to the public as offering medical services and hospital services, including but not limited to areas of obstetrics, gynecology, cardiology, neurology, etc.

16.    That all times relevant herein, DR. GEOFFREY LOWELL TURNER, M.D., DR. JAMIE L. HARDMAN, SIHF and DIANE M. LAHEY, R.N., accepted as their patients, SHANTELA STACKHOUSE, and her unborn, full term and viable baby boy, C.M., when they presented to ALTON MEMORIAL HOSPITAL on July 23, 2019.

17.    At all times relevant herein, SHANTELA STACKHOUSE and her unborn, full term and viable baby boy, C.M., were treated at Defendant, ALTON MEMORIAL HOSPITAL, by its respective medical doctors, nurses, agents, apparent agents, servants, and/or employees at 1 Memorial Drive, Alton, Illinois.

18.    On July 23, 2019, SHANTELA STACKHOUSE and her unborn, full term and viable baby boy, C.M., presented to ALTON MEMORIAL HOSPITAL at gestational age, 39 weeks, 3 days with complaints of cramps and contractions at 09:35 a.m.

19.    On July 23, 2019, SHANTELA STACKHOUSE and her unborn, full term and viable baby boy, C.M., were observed and monitored in the Women's Health and Childbirth Center, also known as Labor and Delivery department of ALTON MEMORIAL HOSPITAL by Defendant, DIANE M. LAHEY, R.N. and by DR. JAMIE L. HARDMAN and DR. GEOFFREY LOWELL TURNER.  Between the time of admission at 9:35 a.m. and discharge at 11:50 a.m., the physical examination, vital signs and laboratory testing performed on SHANTELA STACKHOUSE and her unborn, full term and viable baby boy, C.M., revealed signs and symptoms of elevated blood pressure and 2+ protein in her urine.

20.    On July 23, 2019, Dr. GEOFFREY LOWELL TURNER ordered discharge of SHANTELA STACKHOUSE and her unborn, full term and viable baby boy, C.M., via telephone with read back to Defendant, DIANE M. LAHEY, R.N. at 11:43 a.m.

21.    When she presented to ALTON MEMORIAL HOSPITAL on July 23, 2019, SHANTELA STACKHOUSE had a healthy pregnancy, having carried a healthy fetus with all expectations that the unborn, full term and viable baby boy, C.M. would be born as a healthy baby boy.  Furthermore, had the unborn child, C.M., been delivered prior to discharge from Alton Memorial Hospital on July 23, 2019, he was viable as a full-term baby on July 23, 2019.

22.    On July 23, 2019, SHANTELA STACKHOUSE and her unborn, full term and viable baby boy, C.M., were discharged at 11:50 a.m. by Defendants' agents, apparent agents, servants and/or employees.

23.    Before discharge from Alton Memorial Hospital, there were no contraindications for delivery of the unborn, full term and viable baby boy, C.M.

24.    On July 23, 2019 at 15:31, SHANTELA STACKHOUSE and her unborn, full term and viable baby boy, C.M., presented to Gateway Regional Medical Center via EMS. SHANTELA STACKHOUSE presented with low blood pressure and had been vomiting. She also had been experiencing constant pain with abdomen firm/hard to palpation, on left side with fluids wide open, and staff was unable to get fetal heart tones from her unborn, full term, baby boy, C.M. SHANTELA STACKHOUSE and her unborn child, C.M., were found to have suffered one hundred percent (100%) placental abruption and they were taken emergently for cesarean section.

25.    On July 23, 2019, at 15:47, the full-term baby, C.M., was delivered by emergent cesarean section at Gateway Regional Medical Center.

26.    On July 23, 2019 at 15:50, CPR was initiated on C.M.

27.    On July 23, 2019 at 16:16, C.M. was pronounced expired.

28.    On July 24, 2019, SHANTELA STACKHOUSE was treated emergently for hemorrhage post placental abruption.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES
## ADMINISTRATIVE CLAIM #1

29.    Anticipating Plaintiffs' medical malpractice claim against SIHF, DR. JAMIE L. HARDMAN and/or DR. GEOFFREY LOWELL TURNER may fall under the provisions of the Federal Tort Claims Act, Plaintiff submitted an administrative claim for medical malpractice by cover letter dated November 20, 2020, including Standard Form 95, six typed exhibits and Medical Records (hereinafter "Administrative Claim #1" or "Administrative Claim Package #1") via Federal Express delivery to the United States Department of Health and Human Services.

30.    Plaintiffs' Administrative Claim Package #1 was received by the U.S. Department of Health and Human Services on November 23, 2020.

31.    At least six months elapsed between

    a.    November 23, 2020, when Administrative Claim Package #1 was received, and

    b.    February 11, 2022, when the Federal Tort Claims Act was first implicated by the United States submission of the Scope of Employment Certification (Doc. 3-2).[1]

## ADMINISTRATIVE CLAIM #2

32.    Anticipating Plaintiffs' wrongful death claim against SIHF, DR. JAMIE L. HARDMAN and/or DR. GEOFFREY LOWELL TURNER may fall under the provisions of the Federal Tort Claims Act, Plaintiff submitted a related second administrative claim for the "personal injuries and wrongful death of C.M." Plaintiff submitted the second administrative claim

---

[1] See *Stein v. United States*, 2021 U.S. Dist. LEXIS 196894, *9 (S.D. Ill., Oct. 13, 2021) ("Only when the United States removed the case and filed a 'scope of employment' certificate did the case transform from a run-of-the-mill medical malpractice case to an FTCA case against the United States."

by cover letter dated November 20, 2020, including Standard Form 95, seven typed exhibits and Medical Records (hereinafter "Administrative Claim #2" or "Administrative Claim Package #2") via Federal Express delivery to the United States Department of Health and Human Services.

33.    Administrative Claim Package #2 was received by the U.S. Department of Health and Human Services on November 23, 2020.

34.    At least six months elapsed between

    a.    November 23, 2020, when Administrative Claim #2 was received, and

    b.    February 11, 2022, when the Federal Tort Claims Act was first implicated by the United States submission of the Scope of Employment Certification (Doc. 3-2)

35.    On July 21, 2021, Plaintiff prepared an "Amended wrongful death FTCA submission" to advise that on July 20, 2021, the Probate Division of the Circuit Court of Madison County, Illinois issued letters of office to Shantela Stackhouse as Independent Administrator of the Estate of C.M.

36.    The amended wrongful death FTCA submission consisted of a transmittal letter dated July 21, 2021, Standard Form 95, seven typed Exhibits and Medical Record Copies (hereinafter "Amended Administrative Claim #2" or "Amended Administrative Claim Package #2").

37.    *Amended* Administrative Claim Package #2 was received by the U.S. Department of Health & Human Services on July 22, 2021 at 7:06 a.m.

38.    At least six months elapsed between

    a.    July 22, 2021, when *Amended* Administrative Claim #2 was received, and

b.  February 11, 2022, when the Federal Tort Claims Act was first implicated by

the United States submission of the Scope of Employment Certification (Doc.

3-2)

ADMINISTRATIVE CLAIM #3

39.      Plaintiff's third administrative claim submittal dated July 21, 2021, sought damages

recoverable under the Illinois Survival Act for the pain and suffering of C.M. The Third

Administrative Submittal consisted of transmittal letter dated July 21, 2021, Standard Form 95,

seven typed Exhibits and Medical Record Copies (hereinafter "Administrative Claim#3" or

"Administrative Submittal Package #3") and was sent via United Parcel Service "UPS" overnight

delivery.

40.      Administrative Submittal Package #3 was received by the U.S. Department of

Health & Human Services on July 22, 2021 at 7:06 a.m.

41.      More than six months elapsed between (a) July 22, 2021, when the United States

Department of Health and Human Services received Administrative Claim #3 and (b) February

11, 2022, when the Federal Tort Claims Act was first implicated by the United States submission

of the Scope of Employment Certification (Doc. 3-2).

42.      As a second, independent basis for exhaustion of administrative remedies,

Administrative Claim #3 was denied by the United States Department of Health and Human

Services on January 26, 2022. Lawsuit #2 (the related action—Case no. 22-cv-1367-NJR)

incorporated into this action by Order of court, was timely filed on June 24, 2022, within six

months after the administrative claim was officially denied.

## Count I
## (ALTON MEMORIAL HOSPITAL)
## (Medical Malpractice: Shantela Stackhouse)

COMES NOW Plaintiff, SHANTELA STACKHOUSE, and for Count I of her Complaint against Defendant, ALTON MEMORIAL HOSPITAL, hereby states as follows:

1-28.    For paragraphs 1-28 of this Count, Plaintiff repeats and realleges paragraphs 1-28.

29-42. [Reserved].

43.    That at all times herein mentioned, ALTON MEMORIAL HOSPITAL, through one or more of its agents, apparent agents, servants and/or employees, was guilty of one or more of the following negligent acts or omissions:

   a.   Negligently and carelessly failed to notify one or more of SIHF, Dr. Turner or Dr. Hardman of plaintiff's elevated blood pressures;

   b.   Negligently and carelessly failed to notify one or more of SIHF, Dr. Turner or Dr. Hardman of plaintiff's urine had 2+ protein;

   c.   Negligently and carelessly failed to inquire into or recognize that the patient complaints, vital signs, laboratory findings and/or other clinical features indicated that she was too unstable for discharge, at increased risk for placental abruption and/or exhibiting symptoms of preeclampsia;

   d.   Negligently and carelessly failed to inquire into, appreciate and/or proceed with a further workup of plaintiff's elevated blood pressure, by not ordering labs or asking about symptoms common to preeclampsia;

   e.   Negligently and carelessly failed to notify one or more of SIHF, Dr. Turner or Dr. Hardman that Plaintiff was too unstable for discharge;

   f.   Negligently and carelessly failed to formulate a differential diagnosis which could or might explain plaintiff's complaints, laboratory findings, vital signs and/or other complaints prior to discharge;

   g.   Negligently and carelessly discharged Shantela Stackhouse and her unborn, full-term and viable baby boy without a correct diagnosis or a diagnosis that would provide an explanation for the vital signs, as well as other signs and/or symptoms and/or fetal distress;

   h.   Negligently and carelessly allowed Shantela Stackhouse to be discharged without an examination being conducted by a physician;

    i.   Negligently and carelessly facilitated the discharge of Shantela Stackhouse without implementing hospital chain of command protocol to address the patient safety issue created when a physician ordered discharge of a patient who is pregnant with a full-term, viable baby, when there are signs and symptoms of instability, preeclampsia and/or other symptomology without insisting on a physician examination;

    j.   Negligently and carelessly failed to arrive at AMH to conduct a physical examination of the patients and to assess the signs and symptoms of distress and/or impending harm, including hypertension, protein in the urine and other signs concerning for the development of preeclampsia; and/or

    k.   Negligently and carelessly failed to deliver the unborn, full-term baby boy prior to discharge.

44.    As a direct and proximate result of the aforementioned negligence, Plaintiff,

SHANTELA STACKHOUSE:

    a.   Developed preeclampsia;

    b.   Suffered complete abruption of placenta;

    c.   Suffered the inability to experience the birth of her child;

    d.   Has and will continue to suffer the loss of opportunity to enjoy the birth and development of her son;

    e.   Has and will continue to suffer the diminished ability to enjoy life which she previously experienced;

    f.   Suffers from continued side effects of hemorrhagic shock;

    g.   Has lost income;

    h.   Suffered and continues to suffer from temporary or permanent disabilities;

    i.   Suffers from negative psychological effects including emotional distress, depression and anxiety;

    j.   Has had to undergo additional medical treatment in an attempt to mitigate the injuries caused by the negligence;

    k.   Has incurred medical expenses and other monetary damages necessary to treat and ameliorate her injuries.

l.   Is reasonably certain to undergo additional medical treatment in the future and incur medical expenses and other monetary damages in the future necessary to treat and ameliorate her injuries.

WHEREFORE, Plaintiff, Shantela Stackhouse, prays for judgment against Defendant, ALTON MEMORIAL HOSPITAL, in the amount that is fair and reasonable and fully compensates Plaintiff for her medical malpractice claim with due consideration for her injuries and damages in the amount of $15,000,000.00 (Fifteen Million Dollars) and for her costs herein expended.

### COUNT II
### (ALTON MEMORIAL HOSPITAL)
### (Wrongful Death – Estate of C.M.)

COMES NOW Plaintiff, SHANTELA STACKHOUSE, Independent Administrator of the Estate of C.M., for Count II of her claim against ALTON MEMORIAL HOSPITAL, hereby states as follows:

1-28.   For paragraphs 1-28 of this Count, Plaintiff repeats and realleges paragraphs 1-28.

29-42.   [RESERVED].

43.      For paragraph 43 of Count II, Plaintiff repeats and realleges paragraph 43 of Count I, including each of its subparts, as if fully set forth here in Count II.

44.      [RESERVED].

45.      As a direct and proximate result of the aforementioned negligence, the Estate of C.M., has sustained the following damages:

a.   Grief, sorrow and mental suffering for the death of the unborn baby, C.M.;

b.   Loss of society, loss of affection, loss of companionship due to the death of the unborn baby, C.M.;

WHEREFORE, Plaintiff, SHANTELA STACKHOUSE, Independent Administrator of the Estate of C.M., prays for judgment against Defendant, ALTON MEMORIAL HOSPITAL in the amount that is fair and reasonable and fully compensates Plaintiff for her wrongful death

claim with due consideration for her injuries and damages in the amount of $15,000,000.00

(Fifteen Million Dollars), and for her costs herein expended.

<div align="center">

**COUNT III**
**(ALTON MEMORIAL HOSPITAL)**
**(Survival Action - Estate of C.M.)**

</div>

COMES NOW Plaintiff, SHANTELA STACKHOUSE, Independent Administrator of

the Estate of C.M., and for Count III of her Complaint against Defendant, hereby states as

follows:

1-28.    For paragraphs 1-28 of this Count, Plaintiff repeats and realleges paragraphs 1-28.

29-42. [RESERVED].

43.    For paragraph 43 of Count III, Plaintiff repeats and realleges paragraph 43 of

Count I, including each of its subparts, as if fully set forth here in Count III.

44-45.  [RESERVED].

46.    As a direct and proximate result of the aforementioned negligence, SHANTELA

STACKHOUSE and her full-term, unborn and viable baby boy, C.M., suffered the effects of

100% placental abruption which disrupted the ability of the unborn, full-term and otherwise

viable baby boy to receive sufficient oxygen to maintain life *in utero*.  As a consequence of being

deprived of life-sustaining oxygen, the unborn, full-term and otherwise viable baby boy, C.M.,

experienced conscious pain and suffering when his vital organs and tissues were deprived of

oxygen, such conscious pain and suffering being so extreme as to produce extraordinary terror

and fear in the unborn, full-term and otherwise viable baby boy, and ultimately his death.

**WHEREFORE**, Plaintiff, SHANTELA STACKHOUSE, Independent Administrator of

the Estate of C.M., prays for judgment against Defendant, ALTON MEMORIAL HOSPITAL, in

the amount that is fair and reasonable and fully compensates the Estate of C.M. with due

consideration for the injuries, suffering and damages in the amount of $15,000,000.00 (Fifteen Million Dollars), and for costs herein expended.

## COUNT IV
### (DIANE M. LAHEY, R.N.)
### (Medical Malpractice: Shantela Stackhouse)

COMES NOW Plaintiff, SHANTELA STACKHOUSE, and for Count IV of her Complaint against Defendant, DIANE M. LAHEY, R.N., hereby states as follows:

1-28.    For paragraphs 1-28 of this Count, Plaintiff repeats and realleges paragraphs 1-28.

29-46.  [RESERVED].

47.    That at all times herein mentioned, DIANE M. LAHEY, R.N., was guilty of one or more of the following negligent acts or omissions:

   a.   Negligently and carelessly failed to notify one or more of SIHF, Dr. Turner or Dr. Hardman of plaintiff's elevated blood pressures;

   b.   Negligently and carelessly failed to notify one or more of SIHF, Dr. Turner or Dr. Hardman of plaintiff's urine had 2+ protein;

   c.   Negligently and carelessly failed to inquire into or recognize that the patient complaints, vital signs, laboratory findings and/or other clinical features indicated that she was too unstable for discharge, at increased risk for placental abruption and/or exhibiting symptoms of preeclampsia;

   d.   Negligently and carelessly failed to inquire into, appreciate and/or proceed with a further workup of plaintiff's elevated blood pressure, by not ordering labs or asking about symptoms common to preeclampsia;

   e.   Negligently and carelessly failed to notify one or more of SIHF, Dr. Turner or Dr. Hardman that Plaintiff was too unstable for discharge;

   f.   Negligently and carelessly failed to formulate a differential diagnosis which could or might explain plaintiff's complaints, laboratory findings, vital signs and/or other complaints prior to discharge;

   g.   Negligently and carelessly discharged Shantela Stackhouse and her unborn, full-term and viable baby boy without a correct diagnosis or a diagnosis that would provide an explanation for the vital signs, as well as other signs and/or symptoms and/or fetal distress;

h. Negligently and carelessly allowed Shantela Stackhouse to be discharged without an examination being conducted by a physician; and/or

i. Negligently and carelessly facilitated the discharge of Shantela Stackhouse without implementing hospital chain of command protocol to address the patient safety issue created when a physician ordered discharge of a patient who is pregnant with a full-term, viable baby, when there are signs and symptoms of instability, preeclampsia and/or other symptomology without insisting on a physician examination;

j. [RESERVED];

k. [RESERVED].

48. As a direct and proximate result of the aforementioned negligence, Plaintiff, SHANTELA STACKHOUSE:

a. Developed preeclampsia;

b. Suffered complete abruption of placenta;

c. Suffered the inability to experience the birth of her child;

d. Has and will continue to suffer the loss of opportunity to enjoy the birth and development of her son;

e. Has and will continue to suffer the diminished ability to enjoy life which she previously experienced;

f. Suffers from continued side effects of hemorrhagic shock;

g. Has lost income;

h. Suffered and continues to suffer from temporary or permanent disabilities;

i. Suffers from negative psychological effects including emotional distress, depression and anxiety;

j. Has had to undergo additional medical treatment in an attempt to mitigate the injuries caused by the negligence;

k. Has incurred medical expenses and other monetary damages necessary to treat and ameliorate her injuries.

l.   Is reasonably certain to undergo additional medical treatment in the future and incur medical expenses and other monetary damages in the future necessary to treat and ameliorate her injuries.

WHEREFORE, Plaintiff, Shantela Stackhouse, prays for judgment against Defendant, DIANE M LAHEY, R.N., in the amount that is fair and reasonable and fully compensates Plaintiff for her medical malpractice claim with due consideration for her injuries and damages in the amount of $15,000,000.00 (Fifteen Million Dollars) and for her costs herein expended.

## COUNT V
## (DIANE M. LAHEY, R.N.)
## (Wrongful Death – Estate of C.M.)

COMES NOW Plaintiff, SHANTELA STACKHOUSE, Independent Administrator of the Estate of C.M., and for Count V of her Complaint against Defendant, DIANE M LAHEY, R.N., hereby states as follows:

1-28.   For paragraphs 1-28 of this Count, Plaintiff repeats and realleges paragraphs 1-28.

29-46.   [RESERVED].

47.   For paragraph 46 of Count V, Plaintiff repeats and realleges paragraph 47 of Count IV, including each of its subparts, as if fully set forth here in Count V.

48.   [RESERVED].

49.   As a direct and proximate result of the aforementioned negligence, the Estate of C.M., has sustained the following damages:

a.   Grief, sorrow and mental suffering for the death of the unborn baby, C.M.;

b.   Loss of society, loss of affection, loss of companionship due to the death of the unborn baby, C.M.

WHEREFORE, Plaintiff, SHANTELA STACKHOUSE, Independent Administrator of the Estate of C.M., prays for judgment against Defendant, DIANE M. LAHEY, R.N., in the amount that is fair and reasonable and fully compensates Plaintiff for her wrongful death claim

with due consideration for her injuries and damages in the amount of $15,000,000.00 (Fifteen

Million Dollars), and for her costs herein expended.

## COUNT VI
### (DIANE M. LAHEY, R.N.)
### (Survival Action - Estate of C.M.)

COMES NOW Plaintiff, SHANTELA STACKHOUSE, Independent Administrator of

the Estate of C.M., and for Count VI of her Complaint against Defendant, DIANE M. LAHEY,

R.N., hereby states as follows:

1-28.    For paragraphs 1-28 of this Count, Plaintiff repeats and realleges paragraphs 1-28.

29-45.    [RESERVED].

47.    For paragraph 46 of Count VI, Plaintiff repeats and realleges paragraph 47 of

Count IV, including each of its subparts, as if fully set forth here in Count VI.

48-49.    [RESERVED].

50.    As a direct and proximate result of the aforementioned negligence, SHANTELA

STACKHOUSE and her full-term, unborn and viable baby boy, C.M., suffered the effects of

100% placental abruption which disrupted the ability of the unborn, full-term and otherwise

viable baby boy to receive sufficient oxygen to maintain life *in utero*.  As a consequence of being

deprived of life-sustaining oxygen, the unborn, full-term and otherwise viable baby boy, C.M.,

experienced conscious pain and suffering when his vital organs and tissues were deprived of

oxygen, such conscious pain and suffering being so extreme as to produce extraordinary terror

and fear in the unborn, full-term and otherwise viable baby boy, and ultimately his death.

**WHEREFORE**, Plaintiff, SHANTELA STACKHOUSE, Independent Administrator of

the Estate of C.M., prays for judgment against Defendant, DIANE M. LAHEY, R.N., in the

amount that is fair and reasonable and fully compensates the Estate of C.M. with due

consideration for the injuries, suffering and damages in the amount of $15,000,000.00 (Fifteen Million Dollars), and for costs herein expended.

### Count VII
### (UNITED STATES OF AMERICA)
### (Medical Malpractice: Shantela Stackhouse)

COMES NOW Plaintiff, SHANTELA STACKHOUSE, and for Count VII of her Complaint against Defendant, UNITED STATES OF AMERICA, hereby states as follows:

1-42. For paragraphs 1-42 of Count VII, Plaintiff repeats and realleges paragraphs 1-42.

43-50. [RESERVED].

51. That at all times herein mentioned, Defendant, UNITED STATES OF AMERICA, through one or more of its agents, apparent agents, servants and/or employees, was guilty of one or more of the following negligent acts or omissions:

  a. Negligently and carelessly failed to notify one or more of SIHF, Dr. Turner or Dr. Hardman of plaintiff's elevated blood pressures;

  b. Negligently and carelessly failed to notify one or more of SIHF, Dr. Turner or Dr. Hardman of plaintiff's urine had 2+ protein;

  c. Negligently and carelessly failed to inquire into or recognize that the patient complaints, vital signs, laboratory findings and/or other clinical features indicated that she was too unstable for discharge, at increased risk for placental abruption and/or exhibiting symptoms of preeclampsia;

  d. Negligently and carelessly failed to inquire into, appreciate and/or proceed with a further workup of plaintiff's elevated blood pressure, by not ordering labs or asking about symptoms common to preeclampsia;

  e. Negligently and carelessly failed to notify one or more of SIHF, Dr. Turner or Dr. Hardman that Plaintiff was too unstable for discharge;

  f. Negligently and carelessly failed to formulate a differential diagnosis which could or might explain plaintiff's complaints, laboratory findings, vital signs and/or other complaints prior to discharge;

  g. Negligently and carelessly discharged Shantela Stackhouse and her unborn, full-term and viable baby boy without a correct diagnosis or a

diagnosis that would provide an explanation for the vital signs, as well as other signs and/or symptoms and/or fetal distress;

h. Negligently and carelessly allowed Shantela Stackhouse to be discharged without an examination being conducted by a physician;

i. Negligently and carelessly facilitated the discharge of Shantela Stackhouse without implementing hospital chain of command protocol to address the patient safety issue created when a physician ordered discharge of a patient who is pregnant with a full-term, viable baby, when there are signs and symptoms of instability, preeclampsia and/or other symptomology without insisting on a physician examination;

j. Negligently and carelessly failed to arrive at AMH to conduct a physical examination of the patients and to assess the signs and symptoms of distress and/or impending harm, including hypertension, protein in the urine and other signs concerning for the development of preeclampsia; and/or

k. Negligently and carelessly failed to deliver the unborn, full-term baby boy prior to discharge.

52.    As a direct and proximate result of the aforementioned negligence, Plaintiff,

SHANTELA STACKHOUSE:

a. Developed preeclampsia;

b. Suffered complete abruption of placenta;

c. Suffered the inability to experience the birth of her child;

d. Has and will continue to suffer the loss of opportunity to enjoy the birth and development of her son;

e. Has and will continue to suffer the diminished ability to enjoy life which she previously experienced;

f. Suffers from continued side effects of hemorrhagic shock;

g. Has lost income;

h. Suffered and continues to suffer from temporary or permanent disabilities;

i. Suffers from negative psychological effects including emotional distress, depression and anxiety;

j.  Has had to undergo additional medical treatment in an attempt to mitigate the injuries caused by the negligence;

k.  Has incurred medical expenses and other monetary damages necessary to treat and ameliorate her injuries.

l.  Is reasonably certain to undergo additional medical treatment in the future and incur medical expenses and other monetary damages in the future necessary to treat and ameliorate her injuries.

WHEREFORE, Plaintiff, Shantela Stackhouse, prays for judgment against Defendant, UNITED STATES OF AMERICA, in the amount that is fair and reasonable and fully compensates Plaintiff for her medical malpractice claim with due consideration for her injuries and damages in the amount of $15,000,000.00 (Fifteen Million Dollars) and for her costs herein expended.

### COUNT VIII
### (UNITED STATES OF AMERICA)
### (Wrongful Death – Estate of C.M.)

COMES NOW Plaintiff, SHANTELA STACKHOUSE, Independent Administrator of the Estate of C.M., and for Count VIII of her Complaint against Defendant, UNITED STATES OF AMERICA, hereby states as follows:

1-42.   For paragraphs 1-42 of Count VIII, Plaintiff repeats and realleges paragraphs 1-42 as if fully set forth herein.

43-50.  [RESERVED].

51.   For paragraph 51 of Count VIII, Plaintiff repeats and realleges paragraph 51 of Count VII, including each of its subparts, as if fully set forth here in Count VIII.

52.   [RESERVED].

53.   As a direct and proximate result of the aforementioned negligence, the Estate of C.M. has sustained the following damages:

a.  Grief, sorrow and mental suffering for the death of the unborn baby, C.M.;

    b.   Loss of society, loss of affection, loss of companionship due to the death of the unborn baby, C.M.

WHEREFORE, Plaintiff, SHANTELA STACKHOUSE, Independent Administrator of the Estate of C.M., prays for judgment against Defendant, UNITED STATES OF AMERICA, in the amount that is fair and reasonable and fully compensates Plaintiff for her wrongful death claim with due consideration for her injuries and damages in the amount of $15,000,000.00 (Fifteen Million Dollars), and for her costs herein expended.

## COUNT IX
## (UNITED STATES OF AMERICA)
## (Survival Action - Estate of C.M.)

COMES NOW Plaintiff, SHANTELA STACKHOUSE, Independent Administrator of the Estate of C.M., and for Count IX of her Complaint against Defendant, UNITED STATES OF AMERICA, hereby states as follows:

1-42.    For paragraphs 1-42 of this Count, Plaintiff repeats and realleges paragraphs 1-42.

43-50.  [RESERVED].

51.    For paragraph 51 of Count IX, Plaintiff repeats and realleges paragraph 51 of Count VII, including each of its subparts, as if fully sort forth here in Count IX.

52-53.  [RESERVED].

54.    As a direct and proximate result of the aforementioned negligence, SHANTELA STACKHOUSE and her full-term, unborn and viable baby boy, C.M., suffered the effects of 100% placental abruption which disrupted the ability of the unborn, full-term and otherwise viable baby boy to receive sufficient oxygen to maintain life *in utero*.  As a consequence of being deprived of life-sustaining oxygen, the unborn, full-term and otherwise viable baby boy, C.M., experienced conscious pain and suffering when his vital organs and tissues were deprived of oxygen, such conscious pain and suffering being so extreme as to produce extraordinary terror and fear in the unborn, full-term and otherwise viable baby boy, and ultimately his death.

**WHEREFORE**, Plaintiff, SHANTELA STACKHOUSE, Independent Administrator of the Estate of C.M., prays for judgment against Defendant, UNITED STATES OF AMERICA, in the amount that is fair and reasonable <u>and fully compensates the Estate of C.M. with due consideration for the injuries, suffering and damages in the amount of $15,000,000.00 (Fifteen Million Dollars)</u>, and for costs herein expended.

<div style="margin-left:40%">

Respectfully Submitted,

</div>

BY:     /s/Keith Short_____
         Keith Short     #6210044
         Keith Short and Associates, P.C.
         325 Market Street
         Alton, IL  62002
         (618) 254-0055        phone
         (618) 254-1272        fax
         keith@siltrial.com

         and

BY:     /s/Daniel W. Farroll_____
         Daniel W. Farroll        #6210602
         Goldenberg Heller & Antognoli, P.C.
         2227 South State Route 157
         Edwardsville, Illinois 62025
         (618) 656-5150        phone
         (618) 656-6230        fax
         dfarroll@ghalaw.com