# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANTELA STACKHOUSE and SHANTELA STACKHOUSE AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF C.M., <br><br> Plaintiffs, <br><br> vs. <br><br> ALTON MEMORIAL HOSPITAL, DIANE M. LAHEY, R.N., and UNITED STATES OF AMERICA, <br><br> Defendants. | Civil No. 3:22-cv-00246-NJR |

## DEFENDANT UNITED STATES OF AMERICA'S ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

Defendant United States of America ("the United States"), by and through its attorneys, Steven D. Weinhoeft, United States Attorney for the Southern District of Illinois, and Assistant United States Attorney Kyle Christopher Oehmke, and for its Answer and Affirmative Defenses to Plaintiff's First Amended First Amended Complaint (Doc. 48), hereby states as follows:

### ALLEGATIONS COMMON TO ALL COUNTS

1. The United States admits Shantela Stackhouse presented as a patient at Alton Memorial Hospital on July 23, 2019, pregnant with an unborn baby boy, C.M. The United States lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of Paragraph 1 and therefore denies same.

2. The United States admits Paragraph 2 of the First Amended Complaint.

3. The United States admits Paragraph 3 of the First Amended Complaint.

4. The United States lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 4 and therefore denies same.

1

5. The United States admits Paragraph 5 of the First Amended Complaint.

6. The United States admits, at all relevant times, Southern Illinois Healthcare Foundation was an entity receiving grant money from the Health Resources and Services Administration pursuant to 42 U.S.C. § 254b, and was deemed to be an employee of the United States Public Health Service pursuant to 42 U.S.C. § 233(g). The United States further admits it filed a Certification of Scope of Employment to this effect. The United States denies the remaining allegations of Paragraph 6 of the First Amended Complaint.

7. The United States admits Dr. Jamie L. Hardman had privileges as an attending physician at Alton Memorial Hospital on July 23, 2019. The United States denies the remaining allegations of Paragraph 7 of the First Amended Complaint.

8. The United States admits Dr. Geoffrey Lowell Turner had privileges as an attending physician at Alton Memorial Hospital on July 23, 2019. The United States denies the remaining allegations of Paragraph 8 of the First Amended Complaint.

9. The United States admits, as of July 23, 2019, Dr. Jamie L. Hardman was an employee of Southern Illinois Healthcare Foundation, an entity receiving grant money from the Health Resources and Services Administration pursuant to 42 U.S.C. § 254b, and was deemed to be an employee of the United States Public Health Service pursuant to 42 U.S.C. § 233(g). The United States further admits it filed a Certification of Scope of Employment that Dr. Jamie L. Hardman was acting within the scope of her "deemed" employment as an employee of the United States Public Health Service at all relevant times. The United States denies the remaining allegations of Paragraph 9 of the First Amended Complaint.

10. The United States denies Paragraph 10 of the First Amended Complaint.

11. The United States admits it filed a Certification of Scope of Employment that Dr. Jamie L. Hardman was acting within the scope of her "deemed" employment as an employee of

the United States Public Health Service at all relevant times, including July 23, 2019. The United States denies the remaining allegations of Paragraph 11 of the First Amended Complaint.

12. The United States admits, as of July 23, 2019, Dr. Geoffrey L. Turner was an employee of Southern Illinois Healthcare Foundation, an entity receiving grant money from the Health Resources and Services Administration pursuant to 42 U.S.C. § 254b, and was deemed to be an employee of the United States Public Health Service pursuant to 42 U.S.C. § 233(g). The United States further admits it filed a Certification of Scope of Employment that Geoffrey Lowell Turner was acting within the scope of his "deemed" employment as an employee of the United States Public Health Service at all relevant times. The United States denies the remaining allegations of Paragraph 12 of the First Amended Complaint.

13. The United States denies Paragraph 13 of the First Amended Complaint.

14. The United States admits it filed a Certification of Scope of Employment that Dr. Geoffrey Lowell Turner was acting within the scope of his "deemed" employment as an employee of the United States Public Health Service at all relevant times, including July 23, 2019. The United States denies the remaining allegations of Paragraph 14 of the First Amended Complaint.

15. The United States admits, at all times relevant, Dr. Geoffrey Lowell Turner, Dr. Jamie L. Hardman, and Southern Illinois Healthcare Foundation, Inc. held themselves out to the public as offering medical services, including gynecology and/or obstetrics. The United States lacks knowledge and information sufficient to form a belief about the truth of the remaining allegations of Paragraph 15 and therefore denies same.

16. The United States denies Paragraph 16 of the First Amended Complaint.

17. The United States denies Paragraph 17 of the First Amended Complaint.

18. The United States admits Shantela Stackhouse received care and treatment as reflected in the underlying medical record. The United States denies the remaining allegations of Paragraph 18 of the First Amended Complaint.

19. The United States admits Shantela Stackhouse received care and treatment as reflected in the underlying medical record. The United States denies the remaining allegations of Paragraph 19 of the First Amended Complaint.

20. The United States admits Shantela Stackhouse received care and treatment as reflected in the underlying medical record. The United States denies the remaining allegations of Paragraph 20 of the First Amended Complaint.

21. The United States denies Paragraph 21 of the First Amended Complaint.

22. The United States denies Paragraph 22 of the First Amended Complaint.

23. The United States denies Paragraph 23 of the First Amended Complaint.

24. The United States lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 24 and therefore denies same.

25. The United States lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 25 and therefore denies same.

26. The United States lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 26 and therefore denies same.

27. The United States lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 27 and therefore denies same.

28. The United States lacks knowledge and information sufficient to form a belief about the truth of the allegations of Paragraph 28 and therefore denies same.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES
## ADMINISTRATIVE CLAIM #1

29. The United States admits receipt of an administrative "Claim for Damage, Injury, or Death" for Shantela Stackhouse, including cover letter, Form 95, six exhibits, and a CD containing medical records, to the United States Department of Health and Human Services. The United States denies the remaining allegations of Paragraph 29 of the First Amended Complaint.

30. The United States admits the administrative claim described in Paragraph 29 of the First Amended Complaint was stamped received on November 23, 2020. The United States denies the remaining allegations of Paragraph 30 of the First Amended Complaint.

31. Paragraph 31 of the First Amended Complaint is a legal conclusion to which no response is required. Insofar as a response is required, the United States denies Paragraph 31 of the First Amended Complaint.

## ADMINISTRATIVE CLAIM #2

32. The United States admits receipt of an administrative "Claim for Damage, Injury, or Death" for "Shantela Stackhouse, Guardian of the Estate of Carter Damas Moore, deceased", including cover letter, Form 95, seven exhibits, and a CD containing medical records, to the United States Department of Health and Human Services. The United States denies the remaining allegations of Paragraph 32 of the First Amended Complaint.

33. The United States admits the administrative claim described in Paragraph 32 of the First Amended Complaint was stamped received on November 23, 2020. The United States denies the remaining allegations of Paragraph 33 of the First Amended Complaint.

34. Paragraph 34 of the First Amended Complaint is a legal conclusion to which no response is required. Insofar as a response is required, the United States denies Paragraph 34 of the First Amended Complaint.

35. The United States admits receipt of a purportedly "new FTCA submission on behalf of Shantela Stackhouse, Independent Administrator of the Estate of Carter Damas Moore, deceased", including cover letter, Form 95, seven exhibits, and a CD containing medical records, to the United States Department of Health and Human Services. The United States denies the remaining allegations of Paragraph 35 of the First Amended Complaint.

36. The United States admits receipt of a purportedly "new FTCA submission on behalf of Shantela Stackhouse, Independent Administrator of the Estate of Carter Damas Moore, deceased", including cover letter, Form 95, seven exhibits, and a CD containing medical records, to the United States Department of Health and Human Services. The United States denies the remaining allegations of Paragraph 36 of the First Amended Complaint.

37. The United States denies Paragraph 37 of the First Amended Complaint.

38. Paragraph 38 of the First Amended Complaint is a legal conclusion to which no response is required. Insofar as a response is required, the United States denies Paragraph 38 of the First Amended Complaint.

ADMINISTRATIVE CLAIM #3

39. The United States admits receipt of a purportedly "new FTCA submission on behalf of Shantela Stackhouse, Independent Administrator of the Estate of Carter Damas Moore, deceased", including cover letter, Form 95, seven exhibits, and a CD containing medical records, to the United States Department of Health and Human Services. The United States denies the remaining allegations of Paragraph 39 of the First Amended Complaint.

40. The United States denies Paragraph 40 of the First Amended Complaint.

41. Paragraph 41 of the First Amended Complaint is a legal conclusion to which no response is required. Insofar as a response is required, the United States denies Paragraph 41 of the First Amended Complaint.

42. The United States admits the United States Department of Health and Human Services denied administrative tort claim #2021-0110 on January 26, 2022. The United States denies the remaining allegations of Paragraph 42 of the First Amended Complaint.

**Count I**
**(ALTON MEMORIAL HOSPITAL)**
**(Medical Malpractice by Shantela Stackhouse)**

Count I of the First Amended Complaint is not pled against the United States; as such, no responses are required to the allegations comprising Count I of the First Amended Complaint. Insofar as responses are required, the United States denies each and every allegation of Count I of the First Amended Complaint, including all subparts thereto.

**Count II**
**(ALTON MEMORIAL HOSPITAL)**
**(Wrongful Death – Estate of C.M.)**

Count II of the First Amended Complaint is not pled against the United States; as such, no responses are required to the allegations comprising Count II of the First Amended Complaint. Insofar as responses are required, the United States denies each and every allegation of Count II of the First Amended Complaint, including all subparts thereto.

**Count III**
**(ALTON MEMORIAL HOSPITAL)**
**(Survival Action – Estate of C.M.)**

Count III of the First Amended Complaint is not pled against the United States; as such, no responses are required to the allegations comprising Count III of the First Amended Complaint. Insofar as responses are required, the United States denies each and every allegation of Count III of the First Amended Complaint, including all subparts thereto.

**Count IV**
**(DIANE M. LAHEY, R.N.)**
**(Medical Malpractice - Shantela Stackhouse)**

Count IV of the First Amended Complaint is not pled against the United States; as such, no responses are required to the allegations comprising Count IV of the First Amended Complaint. Insofar as responses are required, the United States denies each and every allegation of Count IV of the First Amended Complaint, including all subparts thereto.

### Count V
### (DIANE M. LAHEY, R.N.)
### (Wrongful Death – Estate of C.M.)

Count V of the First Amended Complaint is not pled against the United States; as such, no responses are required to the allegations comprising Count V of the First Amended Complaint. Insofar as responses are required, the United States denies each and every allegation of Count V of the First Amended Complaint, including all subparts thereto.

### Count VI
### (DIANE M. LAHEY, R.N.)
### (Survival Action – Estate of C.M.)

Count VI of the First Amended Complaint is not pled against the United States; as such, no responses are required to the allegations comprising Count VI of the First Amended Complaint. Insofar as responses are required, the United States denies each and every allegation of Count VI of the First Amended Complaint, including all subparts thereto.

### Count VII
### (UNITED STATES OF AMERICA)
### (Medical Malpractice - Shantela Stackhouse)

1.-42. The United States incorporates the above responses to Paragraphs 1 through 42 of the First Amended Complaint as if fully set forth herein.

43-50. Count VII of the First Amended Complaint does not contain Paragraphs 43 through 50. Insofar as any further responses are required, the United States denies each and every allegation of Paragraphs 43 through 50 of Count VII of the First Amended Complaint, including all subparts thereto.

51. The United States denies Paragraph 51 of Count VII of the First Amended Complaint, including all subparts.

52. The United States denies Paragraph 52 of Count VII of the First Amended Complaint, including all subparts.

After the word "WHEREFORE," Plaintiff makes a prayer for relief against the United States which requires no response. Insofar as any response is required, the United States denies the allegations in this Paragraph, demands judgment in its favor and against Plaintiff, prays the First Amended Complaint be dismissed at Plaintiff's cost, and prays for all other relief the Court deems just and proper under the circumstances.

**Count VIII**
**(UNITED STATES OF AMERICA)**
**(Wrongful Death – Estate of C.M.)**

1.-42. The United States incorporates the above responses to Paragraphs 1 through 42 of the First Amended Complaint as if fully set forth herein.

43-50. Count VIII of the First Amended Complaint does not contain Paragraphs 43 through 50. Insofar as any further responses are required, the United States denies each and every allegation of Paragraphs 43 through 50 of Count VIII of the First Amended Complaint, including all subparts thereto.

51. The United States incorporates the above response to Paragraph 51 of Count VII, including each of its subparts, as if fully set forth herein.

52. Count VIII of the First Amended Complaint does not contain Paragraph 52. Insofar as any further response is required, the United States denies each and every allegation of Paragraph 52 of Count VIII of the First Amended Complaint, including all subparts thereto.

53. The United States denies Paragraph 53 of Count VIII of the First Amended Complaint, including all subparts.

After the word "WHEREFORE," Plaintiff makes a prayer for relief against the United States which requires no response. Insofar as any response is required, the United States denies the allegations in this Paragraph, demands judgment in its favor and against Plaintiff, prays the First Amended Complaint be dismissed at Plaintiff's cost, and prays for all other relief the Court deems just and proper under the circumstances.

### Count IX
### (UNITED STATES OF AMERICA)
### (Survival Action – Estate of C.M.)

1.-42. The United States incorporates the above responses to Paragraphs 1 through 42 of the First Amended Complaint as if fully set forth herein.

43-50. Count IX of the First Amended Complaint does not contain Paragraphs 43 through 50. Insofar as any further responses are required, the United States denies each and every allegation of Paragraphs 43 through 50 of Count IX of the First Amended Complaint, including all subparts thereto.

51. The United States incorporates the above response to Paragraph 51 of Count VII, including each of its subparts, as if fully set forth herein.

52-53. Count IX of the First Amended Complaint does not contain Paragraphs 52 and 53. Insofar as any further response is required, the United States denies each and every allegation of Paragraphs 52 and 53 of Count IX of the First Amended Complaint, including all subparts thereto.

54. The United States denies Paragraph 54 of Count IX of the First Amended Complaint.

After the word "WHEREFORE," Plaintiff makes a prayer for relief against the United States which requires no response. Insofar as any response is required, the United States denies the allegations in this Paragraph, demands judgment in its favor and against Plaintiff, prays the

First Amended Complaint be dismissed at Plaintiff's cost, and prays for all other relief the Court deems just and proper under the circumstances.

## AFFIRMATIVE DEFENSES

As further answer and defense, the United States hereby states the following Affirmative Defenses:

1. Count IX of the First Amended Complaint is time-barred by the statute of limitations of the Federal Tort Claims Act --- specifically, Plaintiff failed to present an appropriate administrative claim within two years after any such claim accrued. *See* 28 U.S.C. § 2401(b).

2. The United States is entitled to sovereign immunity except to the extent provided by the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671, *et seq*.

3. The United States is not subject to trial by jury. 28 U.S.C. § 2402.

4. In the event the United States is found to have been negligent, which is denied, the superseding and intervening negligence of other parties and/or third parties, for whom the United States cannot be liable, broke any causal connection between the United States' purported negligence and Plaintiffs' alleged injuries, cutting off the legal effect of any negligence of the United States. Any damages flowing from illness, injury, or other intervening causes experienced after the care at issue in the First Amended Complaint are not awardable against the United States under the Federal Tort Claims Act.

5. Plaintiffs' recovery, if any, should be restricted to the damages allowable under Illinois statute and/or common law, including without limitation, those pertaining to contributory negligence, 735 ILCS § 5/2-1116, and limited liability of persons jointly liable, 735 ILCS § 5/2-1117.

7. Damages against the United States, if any, are subject to reduction, limitation, and apportionment to the extent Plaintiff Shantela Stackhouse failed to exercise reasonable diligence and ordinary care to mitigate damages.

8. Plaintiffs' alleged injuries were caused, in whole or in part, by the acts or omissions of other parties, persons, or entities, their servants, agents, representatives, or employees, who are not agencies or employees of the United States and for whom the United States has no liability pursuant to the Federal Tort Claims act. As such, any determination of fault should be apportioned amongst those responsible, whether or not parties to the current action.

9. Any award of damages against the United States, if any, cannot exceed the sum set forth in any particular count's corresponding administrative claim. 28 U.S.C. § 2675(b).

10. Damages against the United States, if any, are limited to damages recoverable under the Federal Tort Claims Act. Accordingly, Plaintiffs are not entitled to pre-judgment interest or punitive damages on an award, if any, against from the United States. 28 U.S.C. § 2674.

11. The United States is not liable for an award of attorneys' fees for cases sounding in tort. 28 U.S.C. § 2412(d). Attorneys' fees paid from any judgment or settlement are governed by 28 U.S.C. § 2678 and may not exceed 25% of any judicial judgment or settlement.

12. Damages against the United States, if any, must be offset and reduced as to any past or future benefits provided or to be provided, or paid or to be paid, by the United States (including any federal agency) relating to any treatment, care, or injury alleged in the First Amended Complaint.

13. Any recovery by Plaintiffs should be reduced by amounts paid by a governmental disability income program, insurance, or other fund, and as provided by 735 ILCS § 5/2-1205.

14. In the event the United States is held liable in this lawsuit, the United States seeks a reduction, credit, and/or setoff for any monies received by Plaintiffs from any settling tortfeasor whether named or not named in this lawsuit.

15. Any recovery by Plaintiffs is subject to the availability of appropriated funds. *See* 42 U.S.C. § 233(k).

WHEREFORE, Defendant United States of America demands judgment in its favor and against Plaintiffs and requests the granting of such further relief as the Court deems just and proper under the circumstances, including costs.

Respectfully submitted,

RACHELLE AUD CROWE
United States Attorney

*s/Kyle Christopher Oehmke*
KYLE CHRISTOPHER OEHMKE
Assistant United States Attorney
United States Attorney's Office
Nine Executive Drive
Fairview Heights, IL 62208
Phone: (618) 628-3700
Fax: (618) 622-3810
E-mail: kyle.oehmke@usdoj.gov