## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| *SHANTELA STACKHOUSE, and* | ) | |
| *SHANTELA STACKHOUSE AS* | ) | |
| *INDEPENDENT ADMINISTRATOR OF* | ) | |
| *THE ESTATE OF C.M.,* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:22-cv-246-NJR |
| | ) | |
| *ALTON MEMORIAL HOSPITAL,* | ) | |
| *DIANE M. LAHEY, R.N., THE UNITED* | ) | |
| *STATES OF AMERICA,* | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT ALTON MEMORIAL HOSPITAL AND DIANE M. LAHEY, R.N.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS**

COME NOW Defendants Alton Memorial Hospital and Diane M. Lahey, R.N., ("Defendants"), by and through counsel, and pursuant to Rule 12(c), submit to this Court the following Memorandum of Law in Support of Defendants' Motion for Judgment on the Pleadings.

### I.     INTRODUCTION AND STATEMENT OF FACTS

This is a medical malpractice-wrongful death action brought by Ms. Shantella Stackhouse ("Ms. Stackhouse") on behalf of herself as well as on behalf of the estate of her unborn son, "C.M.". Generally, the Complaint alleges that because of Defendants' negligent examination of Ms. Stackhouse when she was pregnant with C.M., she developed preeclampsia which resulted in complete abruption of the placenta leading to C.M. being stillborn. *See Plaintiff's First Amended Complaint Generally.* (Doc. 48). Within the First Amended Complaint, Plaintiffs allege that C.M. was stillborn. *Id.* at ¶ 45(b), ¶ 46, ¶ 49(b), ¶ 50. This case's presumptive Jury Trial Month is January 2025. *See Second Amended Scheduling Order.* (Doc. 67).

120953.2

Defendants move to dismiss Plaintiffs' survival claims under the Illinois Survival Act because (1) C.M. was not born alive, and since he was not born alive, he had no causes of action to pass to his estate via the Survivor Act; and (2) allowing the Survival Act claims to stand against these Defendants would impermissibly broaden the scope of the Illinois Survival Act as neither statute nor caselaw has recognized that a stillborn child has causes of actions to pass to his estate via the Survival Act and the singular Federal Court in Illinois that has considered this issue, declined to extend such claims to a stillborn fetus. For the reasons set forth below, Defendants request that Counts III and VI of Plaintiffs' First Amended Complaint be dismissed with prejudice.

## II.     STATEMENT OF LAW

Under the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." *Clark v. Blue Diamond Growers*, No. 22 C 1591, 2024 U.S. Dist. LEXIS 30389, at *3 (N.D. Ill. Feb. 22, 2024) *citing* Fed. R. Civ. P. 12(c). *See also* SDIL-L.R. 7.1(b)(1)(C)(a motion for judgment on the pleadings "must be filed no later than 100 days before the trial date"). A motion for judgment on the pleadings is governed by the same standard as a motion to dismiss under Rule 12(b)(6). *Methavichit v. Follenweider,* No. 1:20-CV-02841, 2021 U.S. Dist. LEXIS 243062, at *11 (N.D. Ill. Dec. 21, 2021) *citing Hayes v. City of Chicago*, 670 F.3d 810, 813 (7th Cir. 2012). In deciding a motion for judgment on the pleadings, the Court must accept all well-pleaded allegations as true and view the alleged facts in the light most favorable to the non-moving party. *Id*. Judgment on the pleadings is proper if it appears beyond doubt that the non-moving party cannot prove any set of facts sufficient to support the claim for relief. *Id*. In deciding a motion for judgment on the pleadings, the Court considers the pleadings alone, which consist of the complaint, the answer,

120953.2

and any documents attached as exhibits. *Id. citing N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998).

The Illinois Survival Act allows for recovery of damages for injury sustained by the decedent up to the time of death. *Young v. State*, 71 Ill. Ct. Cl. 154, 154 (2018). <u>Unlike damages for wrongful death</u>, which address the injury suffered by the deceased's next of kin due to the loss of the deceased, a survival action allows for the recovery of damages for injuries personally sustained by the deceased up to the time of death. *Id.* The purpose of the Illinois Survival Act, 755 ILCS 5/27-6, is to compensate the estate of the decedent for injuries the decedent suffered prior to death. *Id.* **It does not, however**, **create a statutory cause of action**. *Nat'l Bank of Bloomington v. Norfolk & W. Ry. Co.,* 383 N.E.2d 919, 923 (Ill. 1978). Rather, it allows a representative of the decedent's estate to maintain those statutory or common law actions which had already accrued to the decedent before he died. *Id.*

### III.  ARGUMENTS

**A.  <u>C.M. never accrued a personal injury cause of action under Illinois law.</u>**

Under Illinois Law, a person cannot accrue causes of action until birth. *Brucker v. Mercola,* 886 N.E.2d 306, 333-334 (Ill. 2007). In *Brucker*, the patient who was pregnant with the plaintiff, was prescribed a supplement by the doctor for allergies. *Id.* at 308. However, she was given a different supplement which caused the pregnant patient to take a toxic amount of the wrong substance. *Id.*  The issue before the Supreme Court was whether the plaintiff's claim for damages was barred by the statute of repose in 735 Ill. Comp. Stat. Ann. 5/13-212 (2006). *Id.* The supreme court concluded that because the son was a fetus at the time of the occurrence, the eight-year period did not begin to run until the son was born and <u>had a right to pursue his claim in court</u>. Thus, the son's claim, filed in December 2003, was within the eight-year period as the son was born on

120953.2

January 5, 1996, less than eight years before the commencement of the action. The Court rationalized its ruling by stating:

> "Because liability does not attach until birth and because there is no right to bring a cause of action until birth, the limitations period cannot begin to run until birth…Absent some clear expression from the legislature that its intent…was to run the repose period against someone who was legally forbidden from going to court and to shorten the time period in which children injured in utero may bring a cause of action, we hold that the repose period…cannot begin to run until the child is born." *Id.* at 333-334. *See also Houskin v. Sinai Health System,* No. 16 C 8645, 2018 U.S. Dist. LEXIS 191180, at *11 (N.D. Ill. Nov. 8, 2018) *citing same.*

Thus, the Illinois Supreme Court has specifically determined that an unborn fetus cannot maintain a cause of action, C.M. had no cause of action with ascertainable damages prior to birth. The Illinois Supreme Court acknowledged that an unborn fetus is "legally forbidden from going to court." Here, Plaintiffs have conceded that C.M. was stillborn. He was never born alive, and therefore he could not have accrued any cause of action. Because he had no cause of action he could personally prosecute, there was no cause of action to pass to his estate under the Illinois Survival Act. Therefore, Counts III and VI of Plaintiffs' Amended Petition should be dismissed with prejudice.

### B.  Plaintiff is asking this Court to impermissibly create a new cause of action.

The Illinois Survival Act does not create a new theory of liability or cause of action.  It merely permits a claim that existed at the time of a person's death to be prosecuted by that person's estate.  There is no recognized claim in Illinois that can be prosecuted by a fetus.  In fact, the Illinois Supreme Court has specially said that a cause of action cannot accrue to a fetus.  Under certain circumstances, a child who suffered injury as a fetus could bring a cause of action for those damages.  *Brucker,* 886 N.E.2d. at 308. *Renslow v. Mennonite Hosp.,* 367 N.E.2d 1250, 1252 (Ill.

1977); *Rodriquez v. Patti*, 114 N.E.2d 721, 721 (Ill. 1953); *Amman v. Faidy,* 114 N.E.2d 412 (Ill. 1953).  However, that is not the situation we have here.

This attempt to create a new cause of action under Illinois law has already been rejected by one Federal Court in Illinois.  The *Houskin* court addressed this specific issue and declined to extend survival claims under the Illinois Survival Act to a stillborn fetus. *See Houskin,*  No. 16 C 8645, 2018 U.S. Dist. LEXIS. At *13 ("the Court's province is not so broad as to permit it to create a cause of action simply because no Illinois Authority directly prohibits it…This Court finds it more than likely that the Illinois Supreme Court would not countenance the Survivor Act cause of action Plaintiffs pursue here").  As in *Houskin*, this Court should not create a new cause of action by extending the reach of the Survival Act.  Plaintiffs' Survival claims under the Illinois Survival Act should be dismissed with prejudice.

## IV.     CONCLUSION

The Illinois Survival Act does not allow for a stillborn fetus to accrue any causes of action prior to birth. Further, broadening the scope of the Illinois Survival Act would be impermissible as no Illinois case law or statute indicates that a fetus has causes of action that can pass to its estate. The sole Federal Court in Illinois to rule on this issue has declined to recognize such a claim.

WHEREFORE, Defendants Alton Memorial Hospital and Diane M. Lahey, R.N. pray that this Court grant their Motion for Judgment on the Pleadings and dismiss Counts III and VI of Plaintiffs' Amended Complaint with Prejudice, and award them such further relief as it deems just and proper.

120953.2

BARTOSIAK MAKEPEACE, P.C.

By:    */s/ Russell L. Makepeace*
Russell L. Makepeace, #6274049
8866 Ladue Road, Suite 260
St. Louis, MO 63124
314-616-3624
rmakepeace@bmlblaw.com

*Attorney for Defendants Alton Memorial Hospital
and Diane M. Lahey, R.N.*

## Certificate of Service

The undersigned certifies that on 19th day of June 2024, that a copy of the foregoing Defendant Alton Memorial Hospital and Diane M. Lahey, R.N.'S Memorandum Of Law In Support Of Their Motion For Judgment on the Pleadings was filed electronically with the Clerk of the Court and sent by electronic mail to the following counsel of record:

Keith Short
Keith Short and Associates, P.C.
*keith@siltrial.com*

Kyle Christopher Oehmke
Assistant United States Attorney
Steven D. Weinhoeft
United States Attorney
Kyle.Oehmke@usdoj.gov
*Attorneys for Defendant United States of America*

*/s/ Russell L. Makepeace*

120953.2