IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHANTELA STACKHOUSE and SHANTELA STACKHOUSE AS INDEPENDENT ADMINISTRATOR OF THE ESTATE OF C.M., <br><br> Plaintiffs, <br><br> vs. <br><br> ALTON MEMORIAL HOSPITAL, DIANE M. LAHEY, R.N., and UNITED STATES OF AMERICA, <br><br> Defendants. | Civil No. 3:22-cv-00246-NJR |

## DEFENDANT UNITED STATES OF AMERICA'S REPLY IN SUPPORT OF ITS MOTION FOR JUDGMENT ON THE PLEADINGS

Defendant United States of America ("the United States"), by and through its attorneys, Rachelle Aud Crowe, United States Attorney for the Southern District of Illinois, and Assistant United States Attorney Kyle Christopher Oehmke, and for its Reply in Support of Its Motion for Judgment on the Pleadings (Docs. 70, 74),[1] hereby states follows:

With her Survival Act claim against the United States (Count IX), Plaintiff asks this Court to recognize a cause of action (negligence) for a class of plaintiffs (children never born alive) without basis in Illinois statute or common law. The Illinois Supreme Court, however, has made clear a claim cannot accrue to one not born alive. *See Brucker v. Mercola*, 886 N.E.2d 306, 330 (Ill. 2007) ("[C]ourts, including this one, have generally held that a cause of action for prenatal injuries cannot be maintained until birth."). The *Brucker* Court held, "liability does not attach until birth and . . . there is no right to bring a cause of action until birth . . . ." *Id*. at 333 (analyzing whether statute of repose governing claims of medical negligence was tolled pending fetus's birth).

---

[1] On July 15, 2024, the Court granted the United States' Motion to Join Co-Defendants' Motion for Judgment on the Pleadings (Doc. 74), to which Plaintiff filed no response. *See* Doc. 75.

1

Likewise, Illinois appellate courts have held an infant may recover for prenatal injuries only if he survives such injuries and is born alive. *See, e.g., Daley v. Meier*, 33 Ill. App. 2d 218, 224 (1st Dist. 1961) ("[I]t is our conclusion that an infant, *who was born alive and survives*, can maintain an action to recover for prenatal injuries, medically provable as resulting from the negligence of another . . . ." (emphasis added)); *Stallman by Stallman v. Youngquist*, 152 Ill. App. 3d 683, 694 (1st Dist. 1987) ("In Illinois, an infant, *who is born alive and survives*, can maintain a tort action to recover for prenatal injuries that are medically provable as resulting from another's negligence." (emphasis added)), *judgment rev'd by* 125 Ill.2d 267 (1988).

Plaintiff's repeated citation of *Chrisafogeorgis v. Brandenberg* is misplaced. In *Chrisafogeorgis*, the Illinois Supreme Court simply held one could recover for the wrongful death of a viable fetus due to negligence.[2] 55 Ill. 2d 368, 372 (1973). The *Chrisafogeorgis* Court was not presented with a claim under the Illinois Survival Act; thus, the Illinois Supreme Court could not and did not decide whether such a claim required live birth as a precondition to suit. Here, Plaintiff has brought a wrongful death claim (Count VIII) against the United States, and such claim is not the subject of the instant Motion. As the United States only seeks judgment on the pleadings as to Plaintiff's claim under the Survival Act (Count IX), *Chrisafogeorgis* is without application here.

The difference between a wrongful death claim and survival action cannot be understated. Of significance, a cause of action for wrongful death is codified in Illinois law where no such claim existed at common law. 740 ILCS 180/0.01, *et seq*.; *Williams v. Manchester*, 228 Ill.2d 404, 420 (2008) ("The [Wrongful Death] Act alone is the source of the right to sue."); *Baez v. Rosenberg*,

---

[2] Illinois later enacted law obviating *Chrisafogeorgis'* fetal viability requirement with respect to a wrongful death claim. *See* 740 ILCS 180/2.2 ("The state of gestation or development of a human being when an injury is caused, when an injury takes effect, or at death, shall not foreclose maintenance of any cause of action under the law of this State *arising from the death of a human being* caused by wrongful act, neglect or default." (emphasis added)). The United States submits § 180/2.2 did not address a Survival Act claim because Illinois law has never recognized such a claim may be brought by a fetus never born alive.

409 Ill. App. 3d 525, 529 (1st Dist. 2011) ("The Wrongful Death Act created a statutory cause of action that affords a remedy limited to a defined class of individuals upon the wrongful death of another."). Any recovery thereunder "shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person." 740 ILCS 180/2. Meanwhile, the Survival Act did not create a statutory cause of action; rather, the statue "changed the common law to allow representatives of the deceased to maintain action which had accrued during the deceased's *lifetime*." *Bryant v. Kroger Co.*, 212 Ill. App. 3d 335, 336 (3d Dist. 1991) (citing *Nat'l Bank of Bloomington v. Norfolk & W. Ry. Co.*, 73 Ill.2d 160 (1978)) (emphasis added). Put another way, the Survival Act "merely allows a representative of the decedent to maintain those statutory or common law actions which had already accrued to the decedent before he died." *Bloomington*, 73 Ill.2d at 172.

Here, with her claim under the Survival Act, Plaintiff attempts to bring a negligence claim against the Government for damages independent of those statutorily authorized by the Wrongful Death Act. The Response, however, cites no Illinois law or case to support the notion that an unborn child --- who never survived outside of his mother's womb --- accrues such a negligence claim. Contrary to Plaintiff's argument, a negligence action cannot abate if it never existed.

Plaintiff claims a requirement of live birth and survival as a condition precedent to a Survival Act claim would be "absurd, incongruent and indefensible."[3] Doc. 76, p. 3. The United States submits live birth and survival as a requirement for an action under the Illinois Survival Act is neither "absurd" nor "incongruent". Insofar as any incongruity may exist, it is the result of Illinois having codified a wrongful death claim while never recognizing a negligence claim for those not born alive. Moreover, the United States' position is hardly "indefensible" given the case

---

[3] The *Chrisafogeorgis* Court's limited discussion of incongruousness concerned fetal viability as "the appropriate line of demarcation" for a wrongful death claim, which was later overruled by new law. *See* n.2.

3

law cited *supra* and --- more importantly --- it is Plaintiff who asks this Court to recognize a cause of action as available to a class of plaintiffs never before recognized in Illinois law or jurisprudence.

The Response's other citations do not support Plaintiff's efforts to create a new claim for the unborn under Illinois law. The case of *Varelis v. Northwestern Memorial Hospital* concerned an adult patient and "the precise question . . . whether a judgment obtained in a personal injury action will bar a later wrongful death action based on the same underlying conduct . . . ." 167 Ill.2d 449, 454 (1995). In *Williams v. Manchester*, the primary issue before the Illinois Supreme Court was "whether a party's negligence causing injury to a pregnant woman may make it foreseeable that she will decide to undergo an abortion to facilitate her own medical treatment . . . ." 228 Ill.2d 404, 423 (2008). The opinions in *Amann v. Faidy* and *Rodriguez v. Patti* (a mere three paragraphs) both involved the claims of children who survived birth. 415 Ill. 422 (1953); 415 Ill. 496 (1953).

For the foregoing reasons, the United States of America prays the Court grants its Motion for Judgment on the Pleadings, whereby the Court enters judgment in favor of the United States on Count IX and for all other relief the Court deems just and proper under the circumstances.

Respectfully submitted,

RACHELLE AUD CROWE
United States Attorney

*s/Kyle Christopher Oehmke*
KYLE CHRISTOPHER OEHMKE
Assistant United States Attorney
United States Attorney's Office
Nine Executive Drive
Fairview Heights, IL 62208
Phone: (618) 628-3700
Fax: (618) 622-3810
E-mail: kyle.oehmke@usdoj.gov