IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHANTELA STACKHOUSE,
Independent Administrator of the Estate of C.M.,

    Plaintiff,

v.

ALTON MEMORIAL HOSPITAL, and
THE UNITED STATES OF AMERICA,

    Defendants.

Case No. 3:22-CV-00246-NJR

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is the United States' motion to compel Plaintiff's responses to discovery requests under Federal Rules of Civil Procedure 33 and 34. (Doc. 88). Plaintiff Shantela Stackhouse filed a response in opposition to the United States' motion on September 16, 2024. (Doc. 92). Defendant Alton Memorial Hospital ("Alton") has not taken a position on the matter even though the Court invited it to do so. (Doc. 89). For the following reasons, the United States' motion is granted.

On August 29, 2024, Plaintiff and Alton notified the Court that they had entered into a confidential settlement agreement. (Doc. 85). The United States was not a party to the settlement agreement and the settling parties refused to discuss the terms of the settlement with counsel. (Doc. 88). The United States thus seeks an order compelling Plaintiff to respond to an interrogatory and a request for production related to her settlement with Alton.

Interrogatory No. 22 demands information concerning any settlements that Plaintiff may have entered into in connection with the events that give rise to this case. (Doc. 88-1 at 2). Request for Production No. 12 seeks the production of any settlement agreements that Plaintiff may have entered into in connection with "the occurrences or injuries for which this action has been brought." (Doc. 88-2 at 2).

The disclosure of confidential settlement agreements to a non-settling defendant is a common feature of multi-party litigation. *See Meharg v. I-Flow Corp.*, No. 1:08–cv–0184–DFH–TAB, 2009 WL 3032327, at *3-5 (Hamilton, J.) (S.D. Ind. Sept. 18, 2009) (collecting cases and ordering disclosure of confidential settlement agreement to non-settling defendant). The United States contends that disclosure of the settlement agreement is necessary to facilitate an informed determination as to "whether it has any objection to approval of the settlement." (Doc. 88). Plaintiff responds that disclosure is not necessary because she "agree[s]" that the United States "shall be entitled to a setoff in the amount paid in the confidential settlement." (Doc. 92). Plaintiff's concession carries little substantive weight because the United States would be unable to evaluate any potential setoff without knowing the terms of the settlement agreement. Nor does Plaintiff's brief opposition to the United States' motion offer any other compelling reason to depart from the well-settled principle that "the law does not treat [settlement agreements] as privileged." *Meharg*, 2009 WL 3032327, at *6; *see also Douglas v. Corizon, Inc.*, No. 1:13–cv–1351–WTL–MJD, 2015 WL 274218, at *2 (S.D. Ind. Jan. 22, 2015) ("Clearly information about a settlement (or any other information, for that matter) cannot be insulated from discovery simply by virtue of the fact that the information has been

designated "confidential" or parties to the settlement have agreed not to disclose it.").

The United States has offered to accept production of the settlement agreement under an "Attorneys' Eyes Only" (AEO) designation. The Court finds this to be a sensible compromise to facilitate the production of relevant information, while guarding the confidentiality of the settlement agreement. Indeed, an AEO designation is a powerful tool to benefit the disclosing party because it significantly limits the receiving party's use of the information in question. *See Global Mat. Tech., Inc. v. Dazheng Met. Fibre Co., Ltd.*, 133 F. Supp. 3d 1079, 1084 (N.D. Ill. 2015) ("The AEO designation must be used selectively because discovery and trial preparation are made significantly more difficult and expensive when an attorney cannot make a complete disclosure of relevant facts to a client and because it leaves the litigant in a difficult position to assess whether the arguments put forward on its behalf are meritorious.").

With that, the Court **GRANTS** the United States' motion to compel (Doc. 88). Plaintiff is **DIRECTED** to produce a copy of her settlement agreement with Alton to counsel for the United States under an "Attorneys Eyes Only" designation on or before **Friday, September 20, 2024**.

**IT IS SO ORDERED.**

DATED:  September 18, 2024

*[signature]*

**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**